IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

FRANKIE PLEAS                                                                    PLAINTIFF

V.                                                         CIVIL ACTION NO. 4:17-CV-167-DAS

COMMISSIONER OF SOCIAL SECURITY                                          DEFENDANT

MEMORANDUM OPINION

Frankie Pleas has appealed the decision of the Social Security Administration denying his application for disability benefits and supplemental security income. The ALJ determined his severe impairments and found Pleas could only perform a limited range of light work. Among other limitations, a remote hand injury meant that he was limited to occasional handling and fingering in his dominant upper right extremity. The ALJ found that Pleas could no longer perform his past relevant work as a truck unloader, forklift operator or warehouse worker because each was performed at a heavy or medium level of exertion. The vocational expert testified that an individual with the plaintiff's vocational profile could work as a photocopy operator, retail attendant and a fast food worker. The ALJ determined that Pleas was not disabled. The plaintiff has appealed assigning three errors: the ALJ's evaluation of a physician assistant's opinion; failure to order a consultative physical examination; and failure to resolve a conflict between the testimony of the vocational expert and the Dictionary of Occupational Titles.

STANDARD OF REVIEW

A claimant has the burden of proving he suffers from a disability, which the Social Security Act defines as a mental or physical impairment, lasting at least a year, that precludes

him from substantial gainful activity. The relevant analysis proceeds in five steps: the Commissioner considers whether (1) the claimant is currently engaged in substantial gainful activity, (2) he has a severe impairment, (3) the impairment meets the severity of an impairment enumerated in the relevant regulations, (4) it prevents the claimant from performing past relevant work, and (5) it prevents him from doing any relevant work. 20 C.F.R. § 404.1520; *Masterson v. Barnhart,* 309 F.3d 267, 271 (5th Cir. 2002). If the claimant survives the first four stages, the burden shifts to the Commissioner on the fifth step to prove the claimant's employability, *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). A finding at any step that the claimant is not disabled ends the inquiry. *Chaparro v. Bowen*, 815 F.2d 1009, 1010 (5th Cir. 1987).

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and whether the correct legal standards were applied. 42 U.S.C. § 405 (g.); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The Fifth Circuit has further held that substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court

may not reweigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner, *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell*, 862 F.2d at 475. The court must however, in spite of its limited role, "scrutinize the record in its entirety to determine the reasonableness of the decision ... and whether substantial evidence exists to support it." *Randall v. Sullivan*, 956 F.2d 105, 109 (5th Cir. 1992). If the Commissioner's decision is supported by the evidence, then it is a conclusive and must be upheld. *Perales*, 402 U.S. at 390.

## THE ALJ'S DECISION

The ALJ denied Frankie Pleas' application at Step Five. The ALJ found the claimant met the insured status requirements and had not engaged in substantial gainful activity after the end of March 2014. At Step Two, the ALJ found the plaintiff's hypertension, sarcoidosis, remote hand injury and gout were severe impairments. At Step Three, he found that Pleas had no impairment or combination of impairments that met or equaled a listing. The ALJ found the plaintiff could perform a limited range of light work. While he assessed other limitations, for the purposes of this appeal, the only significant limitation was the ALJ's finding that Pleas could only occasionally handle or finger with his right upper extremity. Based on the testimony of the vocational expert, the ALJ determined at Step Four that Pleas could no longer perform his past relevant work.

In order to make the Step Five determination, the ALJ elicited testimony from the VE about whether other jobs existed in the national economy that Pleas could still perform. The VE testified that an individual with Pleas' residual functional capacity could work as a photocopy operator, a retail attendant and a fast food worker -- all light, unskilled jobs. The VE also

answered that his testimony was consistent with the Dictionary of Occupational Titles (DOT). After finding that the VE's testimony was consistent, the ALJ found Pleas was not disabled, a decision subsequently affirmed by the Appeals Council, and therefore the final decision of the Commissioner.

ANALYSIS

1. Evaluation of Physician Assistant's Opinion Evidence

The plaintiff submitted a medical source statement from his treating physician assistant, Billy J. Brown, and complains that the ALJ failed to properly evaluate and weigh this information. Brown found Pleas could not lift or carry ten pounds with his dominant hand. The ALJ disagreed, though he restricted Pleas to light work and found he could only occasionally handle and finger on the right upper extremity. The plaintiff argues that the ALJ erred in the evaluation of this medical source statement

The ALJ must consider the information from all medical sources, including those from sources such as physician assistants that are not acceptable medical sources, SSR 06-3, 2006 WL 2329939. But the ALJ's decision does discuss Brown's opinions in some detail. The ALJ found that the opinions were not supported by the medical evidence. The ALJ noted that the treatment with Brown did not span a long period of time. While the treatment records show a series of visits over a one-year period, the primary emphasis during this treatment was on the plaintiff's hypertension, not his right-hand injury. Brown does not explain his findings nor do his records record any testing or clinical findings consistent with his opinions. The records do note, however, the history of the injury and the plaintiff's sporadic complaints of pain and being unable to bend the hand normally. The court finds that Brown's opinions were appropriately

considered; the decision-making adequately explained; and the RFC supported by substantial evidence.

## 2. Failure to Order a consultative examination

The plaintiff also contends the ALJ committed error when he failed to order a consultative physical examination (CE). The decision to order or forgo a CE at the hearing level is committed to the discretion of the ALJ. A CE must be ordered if there is insufficient evidence in the record determine disability, *vel non*, or if an examination is necessary to resolve conflicts in the medical records. 20 C.F.R. § 404.1519a(a) and (b), and 20 C.F.R. § 416.919 a(a) and (b). Here the ALJ determined there was sufficient evidence to make the determination. The treatment records do not support the degree of impairment in the right hand claimed by the plaintiff in his testimony or the opinion of the physician assistant. The plaintiff's other objective findings were relatively benign when he was medically compliant. The court finds there was sufficient evidence in the record to allow the ALJ to make the determination on disability without a consultative examination and adequate to resolve any conflicts in the evidence. Accordingly, the Commissioner's decision is affirmed as to this issue.

## 3. Conflicts between the VE's Testimony and the Dictionary of Occupational Titles

In his third assignment of error, the plaintiff argues the testimony of the vocational expert conflicts with the descriptions of the identified jobs in the Dictionary of Occupational Titles and that the ALJ failed to resolve the conflict. Therefore according to the plaintiff's argument, the ALJ was not entitled to rely on the testimony of the VE regarding other jobs Pleas could perform. Without the testimony of the VE, the Commissioner would have failed to meet the burden at Step Five to prove the availability of other jobs the plaintiff can perform, and the decision would not be supported by substantial evidence.

At the hearing the ALJ's hypothetical to the vocational expert specified that the individual was limited to light work, with only occasional fingering and handling with his right hand and arm.  The VE testified to three jobs that were within Pleas' residual functional capacity.  Those jobs were photocopy machine operator (DOT # 207.6850014), retail attendant (DOT # 299.677-010) and fast food operator (DOT # 311.472-010).  He also responded that his testimony was consistent with the DOT.

The plaintiff argues that this testimony conflicts with the DOT because all three jobs require either frequent or constant handling and fingering, while the ALJ found he could only occasionally handle or finger in the right upper extremity.[1]  The defendant argues that there is no conflict between the VE's evidence and the DOT because the job descriptions of the identified occupations, while requiring frequent or constant handling and fingering, do not specify that these abilities are necessary in both hands.  Because of the plaintiff's unrestricted use of his left hand, the Commissioner argues that the jobs are not outside of the RFC, and the VE's testimony does not conflict with the DOT.

Before relying on a VE's testimony, the ALJ is required to identify any conflicts between testimony about "the requirements of a job or occupation, and the definitions of those jobs contained in the Dictionary of Occupational Titles."  SSR 00-4p, 2000 WL 1898704.  The ALJ must inquire whether there is any such conflict, and "where the VE's … evidence appears to conflict with the DOT the [ALJ]… will obtain reasonable explanation for the apparent conflict."  *Id.* at *4.  If the vocational evidence "is not consistent with information in the DOT, the adjudicator must resolve the conflict before relying on the VE['s] … evidence to support a

---

[1] The court notes these requirements are not located in the DOT description, but in the companion authority, *Selected Characteristics of Occupations*.  The appropriate excerpts were provided to the Appeals Council by the plaintiff.

6

decision that the individual is or is not disabled." *Id.* at *4. Regardless of how a conflict is identified, the ALJ "must explain the resolution of the conflict…." *Id.* As this court explained in *Everhart v. Commissioner of Social Security*, 2018 WL 3614196 (N. D. Miss. July 27, 2018), the ALJ's responsibility to detect and resolve conflicts extends beyond obvious conflicts. The ALJ must look for, explain and resolve conflicts between the DOT and the expert's testimony including any "apparent" conflicts — where the testimony "seems to, but does not necessarily, conflict with the [DOT]." *Id*. at *3.

The court has reviewed two cases within our circuit that examined claimed conflicts between the DOT and the VE testimony in cases with similar injuries, restrictions and job descriptions. In *Jones v. Astrue*, 821 F.Supp.2d 842 (N.D. Tex. 2011), the ALJ found the claimant was limited to occasional handling, fingering and reaching on the right, dominant upper extremity. Lifting and carrying on the right side was limited to the sedentary level. On the left side, Jones could lift and carry at the light level of exertion and had unrestricted use of the left hand. The VE identified three unskilled sedentary jobs: food and beverage order clerk, document preparer and an optical goods assembler.

Jones argued on appeal there was a conflict between the VE's evidence and the DOT information because the RFC restricted right-hand handling, fingering and reaching, while the specific DOT job descriptions required at least frequent reaching, handling and fingering. In *Jones,* the Commissioner argued there was no conflict because none of the DOT descriptions expressly required bilateral reaching, handling and fingering. There Jones -- as does Pleas in this case -- countered that the restrictions were on her dominant side. Affirming the Commissioner's decision, the court found both that the descriptions did not, in fact, require frequent hand

manipulations, and that none of the descriptions required the use of both arms and hands. Therefore, there was no conflict to be resolved.[2]

The Fifth Circuit Court of Appeals, in *Carey v. Apfel*, 230 F.3d 131 (5th Cir. 2000), found there was no conflict between the testimony of a vocational expert and the DOT, under facts similar to this case. George Carey suffered a catastrophic electrical shock that resulted in the amputation of his left forearm and hand. Notwithstanding the loss of the left hand, the VE testified that Carey could work as a cashier or ticket seller. Carey argued this testimony conflicted with the DOT description because it required handling and fingering, and he only had one hand. The Fifth Circuit noted the DOT required fingering and handling, but at no point specified bilateral fingering and handling. Here Pleas argues there is a conflict because one of his hands is limited to only occasional handling and fingering. But as, with *Carey* the "DOT does not contain any requirement of bilateral fingering or dexterity." *Id*. at 146. Any conflict in *Carey* was tangential at best and his "argument actually reduces to a factual disagreement about whether a person with one arm can perform a job requiring some degree of manual dexterity and fingering." *Id.* Pleas' argument, on less compelling facts, also seems to be the claimant's factual disagreement with the VE's testimony, rather than a conflict between that testimony and the DOT. Though *Carey* predates the current regulation, its holding on a similar fact pattern is compelling, and nothing in *Carey* is inconsistent with that regulation.

Finally, the court finds that its recent ruling in *Everhart* is distinguishable from the present case. In that case, this court found that there was an apparent, though not obvious conflict between the VE's testimony and the DOT descriptions. The ALJ found that Everhart

---

[2] The court found alternatively that even if there was an unresolved conflict between the VE's testimony and the DOT, the "ALJ may rely on the VE's testimony provided the records reflects an adequate basis for doing so." *Id.* at 852-53. (citing *Carey v Apfel*, 230 F.3d 131 (5th Cir. 2000)).

8

was subject to bilateral limitations in her ability to reach overhead. The VE responded with two jobs purportedly within the RFC, but one job required frequent reaching and the other constant reaching. The conflict arose from the fact that the job descriptions necessarily incorporated the broad definition of reaching employed in the DOT. This definition includes reaching forward, to the side and overhead.³ Because of the all-inclusive definition of "reaching" the DOT description of the jobs identified by the VE necessarily included the overhead reaching precluded by the plaintiff's RFC.

The distinction between this case and *Everhart* is not that different injuries were involved. In *Everhart,* while the conflict was not obvious, the DOT job description included an activity -- bilateral overhead reaching -- that was inconsistent with that claimant's RFC. The VE testified that Everhart could perform these jobs. The DOT information would indicate that Everhart might not be able to do the jobs. Thus, there was a conflict in Everhart that needed to be resolved, requiring remand.

Quite differently, Pleas asks the court to imply a restriction not expressed in the DOT job descriptions in order to find a conflict. Looking at either the VE's testimony or the DOT information, it appears there are no job functions in the identified occupations that exceed Pleas' residual functional capacity. Consequently, there is no conflict in this case between the testimony of the vocational expert and the pertinent information in the Dictionary of Occupational Titles.

---

³ The DOT defines reaching as "extending hand[s] and arm[s] in any direction.' App. C. Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, C-3. See also, SSR 85-15 1985 WL 56857

## CONCLUSION

The court, finding no error, affirms the decision of the Commissioner. A separate judgment shall issue.

THIS, the 6th day of November, 2018.

                                              /s/ David A. Sanders  
                                              UNITED STATES MAGISTRATE JUDGE